(18 Misc. Rep. 292.)

PEOPLE ex rel. RYAN et al. v. MANZER, County Treasurer.

(Supreme Court, Special Term, Onondaga County. October, 1896.)

INTOXICATING LIQUORS—TRANSFER OF CERTIFICATES—VIOLATION OF LAW.
    A county treasurer cannot refuse to allow the transfer of a liquor tax certificate, on the ground that complaint had been made charging the holder with carrying on the traffic in a forbidden place, as his right to such transfer remains unimpaired, by Laws 1896, c. 112, § 25, until arrest or indictment.

Certiorari by Thomas Ryan and another to review the action of Hubbard Manzer, treasurer of Onondaga county, in refusing to transfer a liquor tax certificate. Reversed.

George W. O'Brien, for relators.
Mead & Stranahan, for respondent.

SPRING, J. On July 1st last, a liquor tax certificate was issued to Patrick O'Day, in pursuance of subdivision 1 of section 11 of the liquor tax law, permitting him to traffic in liquors at 1032 West Fayette street, in the city of Syracuse. On the 7th day of October, the said O'Day and the other relator, Ryan, formally applied to the county treasurer of said county to have said tax certificate transferred to said Ryan, and accompanied said application with the bond required by law, and offered to pay the $10 allowed as the fee therefor, and requested the treasurer to give his assent to such transfer in writing on the face of such certificate, as the statute provides. The treasurer declined to give such consent, alleging as his reason for such refusal that the applicant O'Day had "disqualified himself of the right to sell, assign, or transfer said liquor tax certificate because of a violation of the provisions of the liquor tax law." The precise excuse of the treasurer was that a complaint had been made against the said relator O'Day that he was carrying on the liquor business in a room or place connected and communicating with a grocery conducted by him, and which is in violation of section 22 of the liquor tax law. No arrest or indictment of O'Day has ever been made or found, and the ac-

cusation alone is the basis of the action of the treasurer in refusing to consent to the desired transfer.

Section 27 of the liquor tax law (chapter 112 of the Laws of 1896) permits the transfer of these certificates. They are of property value, and can be surrendered or assigned. In the section providing for the transfer, the manner of so doing is set forth, and there is no restriction imposed whatever. That the treasurer, however, has a right to withhold his consent to the transfer, is apparent from the succeeding section, for that provides the method of reviewing the action of the treasurer in case he declines to issue the certificate originally, or to assent to the transfer. There is no provision, however, determining what is an adequate reason or justification for the treasurer to decline to consent to the transfer. Sections 22 to 24, inclusive, of the act, recite the inhibitions of the law, providing, among other things, that the traffic in liquors shall not be carried on in a place communicating with a place where the business of selling groceries is conducted. In case of a violation of these provisions, either by material misrepresentations made in the application or by conduct subsequent thereto, any citizen of the state may, by a proceeding in court, test the right of the holder of the certificate to retain the same; and, of course, the holder has an opportunity to be heard, and a trial is had upon the specific charges made, and, if they are sustained, the certificate is revoked and canceled by order of the court. By section 34, violations of the act are made misdemeanors, and the fines and penalties imposed are specifically enumerated. In all the violations of the act, and in the certiorari proceedings to test the right of the holder of the certificate to continue the business, a conviction or adverse adjudication is an essential prerequisite to the taking of any action prejudicial to the person accused, or that may divest him of his property rights in the certificate. Section 25 of the act provides for the surrender and cancellation of the certificate. In that case the holder who has voluntarily ceased to traffic in liquors "before arrest or indictment for a violation of this act" may surrender such tax certificate for cancellation, and the officer issuing the same shall refund the pro rata amount of the tax paid for the unexpired term. However serious charges may have been made against the person desiring to surrender the certificate, however willfully false may have been the essential statements in his application, they cannot be used to prevent the surrender of the certificate. If he has escaped the criminal process, the treasurer must give him the full benefit accorded to an innocent man. The permission is dependent solely upon the voluntary cessation of the liquor traffic "before arrest or indictment," and in all other cases the actual determination of a court must precede any action detrimental to the right of the holder in his certificate.

In the case under consideration, the reason assigned for declining to consent comes far short of an arrest or indictment. It is a mere unsupported accusation, and, so far as the record shows, not even in writing. An arrest or indictment implies the interposition of a court. There is some gravity—some foundation—for the charge

then, and the process of the court has been set in motion, so the accused can soon meet the specific accusation. The presumption is the accused is innocent; yet, if the treasurer can refuse his consent whenever the holder of a certificate is verbally charged with violating any of the provisions of the law, the effect is to determine him guilty. Property rights should not be made dependent on so uncertain a basis. The rule contended for by respondent is too drastic, and yet too intangible. Vindication of the law or its full enforcement does not require a construction that gives such arbitrary power to any one. To make effective the transfer, the intended transferee makes a verified application like that of the original holder. He accompanies this with a bond identical with that given by his predecessor in title. If he makes any material misrepresentation, or violates any of the provisions of the law, he is amenable to punishment. Nor does the assent to the transfer exonerate the original holder either from punishment for material misstatements or violations occurring during his carrying on of the traffic. The transaction is not of sufficient significance to call for a strained construction of the law to obstruct or make difficult these transfers. I take it, these questions are to be determined as those of law based upon the record, the papers before the treasurer at the time he refused to consent to the transfer. By that standard, the single point in controversy is: Does the making of a charge of a complaint to the treasurer against the holder of a certificate justify that official in declining to consent to the transfer asked for? I am clear it is not a sufficient reason for his refusal. Any person, from sinister purpose or otherwise, could impede and prevent these transfers, if that is the interpretation to be given to this statute.

An order will be granted requiring the respondent to consent to the transfer, with $50 costs to the relators, to be paid by the respondent out of the undivided assets received by him in pursuance of the act in controversy. Ordered accordingly.